STATE of Maine

v.

Richard P. HILLSGROVE.

Supreme Judicial Court of Maine.

Submitted on Briefs March 17, 1995.
Decided May 31, 1995.

Michael P. Cantara, Dist. Atty., Alfred, for State.

Robert P. Brown, South Berwick, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Richard P. Hillsgrove appeals from a judgment entered in the Superior Court (York County, *Cole, J.*) affirming a judgment entered in the District Court (York, *Humphrey, J.*) following a jury-waived trial finding him guilty of assault, 17–A M.R.S.A. § 207 (1983 & Supp.1994). Hillsgrove argues that because the uniform summons and complaint he received was not signed by the clerk, the District Court lacked personal jurisdiction over him and the judgment is void. Finding no merit in Hillsgrove's contention, we affirm the judgment.

On January 21, 1993, a South Berwick police officer, having received and investigated a report of domestic abuse, served on Hillsgrove a uniform summons and complaint directing him to appear in the District Court on March 23, 1993, to respond to a charge of assault. Hillsgrove signed the summons on the line following the words, "I promise to appear in Maine District Court at the place, date and time described above." On March 22, 1993, another police officer signed and swore to a complaint before the clerk of the District Court. On the date of the arraignment, Hillsgrove's attorney "specially appeared for the purpose of contesting personal jurisdiction of the court." The District Court (York, *Crowley, J.*) denied Hillsgrove's motion, and he was subsequently arraigned.

On the date of his trial Hillsgrove again unsuccessfully challenged the court's jurisdiction over him. In his presence but without his or his counsel's participation he was tried and found guilty. The Superior Court denied his appeal. Hillsgrove appeals to this Court.

In 1987 and 1991, the legislature enacted and amended 17–A M.R.S.A. § 15–A(1) (Supp.1994). The statute provides in pertinent part:

A law enforcement officer who has probable cause to believe a crime has been or is being committed by a person may issue or have delivered a written summons to that person directing that person to appear in

the District Court to answer the allegation that the person has committed the crime. The summons must include the signature of the officer, a brief description of the alleged crime, the time and place of the alleged crime and the time, place and date the person is to appear in court. The form must be the Uniform Summons and Complaint.... A person to whom a summons is issued or delivered must give a written promise to appear. If the person refuses to sign the summons after having been ordered to do so by a law enforcement officer, the person commits a Class E crime. As soon as practicable after service of the summons, the officer shall cause a copy of the summons to be filed with the court.

 Contrary to Hillsgrove's contention, nothing in M.R.Crim.P. 4 implies that it is the exclusive source of authority for the issuance of every summons.[1] In the instant case, the summons was properly issued pursuant to 17–A M.R.S.A. § 15–A(1) (Supp.1994). Additionally, even Hillsgrove concedes that the complaint filed on March 22, 1993, was valid. Furthermore, Hillsgrove's constitutional arguments are inapposite because a summons does not effect a seizure.[2] The prosecution and conviction in this case are valid because the State filed a valid criminal complaint in the District Court and Hillsgrove personally appeared in that court for arraignment and trial.

The entry is:

Judgment affirmed.

All concurring.

---

1. M.R.Crim.P. 4 provides in pertinent part: (a)(3) The clerk shall issue a summons instead of a warrant upon the request of the attorney for the state or by direction of the court. If a *defendant fails to appear in response to the* summons, a warrant shall issue.

2. Article IV of the United States Constitution provides in pertinent part that "no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly ... the persons or things to be seized." Article 1, § 5 of the Maine Constitution provides in pertinent part that "no warrant to ... seize any person ... shall issue without a special designation of ... the person ... to be seized, nor without probable cause—supported by oath or affirmation."